No. 2--96--0504               

________________________________________________________________

                                     

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              SECOND DISTRICT

________________________________________________________________

THE PEOPLE OF THE STATE OF           )  Appeal from the Circuit Court

ILLINOIS,                            )  of Lee County.

                                     )

     Plaintiff-Appellant,            )

                                     )  No. 95--CF--154

v.                                   )                   

                                     )

WALTER J. KINNETT,                   )  Honorable

                                     )  John E. Payne,

     Defendant-Appellee.             )  Judge, Presiding.

________________________________________________________________

     JUSTICE McLAREN delivered the opinion of the court:

     The State appeals a pretrial ruling excluding the testimony of

two corroborating witnesses in an aggravated criminal sexual abuse

trial.  We affirm.

     The defendant, Walter Kinnett, was charged with two counts of

aggravated criminal sexual abuse (720 ILCS 5/12--16(c)(1)(i) (West

1994)), in that he knowingly placed the child-victim's (hereinafter

c.v.'s) hand on his penis and placed his hands on the c.v's

buttocks on or about July 4, 1995.   The c.v. was eight years old

at the time of the alleged incident.  The defendant is the c.v.'s

paternal stepgrandfather.

     Before trial, the State sought to have admitted the

corroborating testimony of Geri Hysom, a Department of Children and

Family Services investigator, and Fran Taylor, the c.v.'s maternal

grandmother.  The trial court held a hearing in accordance with

section 115--10 of the Code of Criminal Procedure of 1963 (725 ILCS

5/115--10 (West 1994)).  

     At the hearing Hysom provided the following testimony.  After

a brief introduction on September 6, 1995, Hysom spoke at length

with the c.v. on September 7, 1995, at Amboy City Hall.  The c.v.'s

mother and Police Chief Paul Smith were both present.  After asking

the c.v. to perform simple tasks such as reciting the ABCs and

counting, Hysom determined that the c.v. was developmentally on

task for her age.  Hysom then discussed the difference between the

truth and lies and good and bad touches.  When Hysom asked the c.v.

why the c.v. thought she was there, the c.v. replied that she was

there to talk about grandpa.  The c.v. stated that she had told her

mother, father, and Grandma Fran about the incidents.

     Hysom asked c.v. to start at the beginning and tell her how it

all started.  The c.v. stated that she told her Grandma Fran that

her grandpa was "doing weird things" like putting her hands on his

"winkie" (penis).  The c.v. stated that this happened when she

slept at Grandma Sissy's and grandpa's house.  The c.v. stated that

she usually slept in the living room but would sleep in grandma's

and the defendant's bed when she became afraid of the dark.  The

c.v. also stated that she slept in underpants only, between her

grandparents.  When everyone was asleep, the defendant would pull

his "winkie" out from his underpants and put the c.v.'s hand around

it.  The c.v. stated that the defendant would pretend to be asleep

by closing his eyes, but she knew he was not sleeping because he

was not snoring.  

     When Hysom asked the c.v. when the incidents happened, the

c.v. said "a lot" but could not recall specific dates.  However,

when asked when the last incident occurred, the c.v. replied that

it was during the Fourth of July weekend at a campground.

     The c.v. also stated that when she had her hand around the

defendant's "winkie" her fingers could touch the palm of her hand. 

But then the defendant's "winkie" got bigger and her fingers could

no longer touch the palm of her hand.  When Hysom asked if there

was any wetness, the c.v. replied that the defendant's "winkie" got

"sweaty."  

     Further, the c.v. told Hysom that if she took her hand away

the defendant would put her hand back on his "winkie."  The c.v.

also stated that, on one or two occasions, the defendant slid his

hands down the c.v.'s underpants and put his hands on her buttocks

to bring the c.v. closer to him.  

     In addition, the c.v. told Hysom that she told her Grandma

Fran about the incidents after watching a movie called "The Muffin

Man." The c.v. stated that she told Grandma Fran because the movie

said that you should not protect people who do something wrong.   

     Fran Taylor, the c.v.'s maternal grandmother, also testified

at the hearing.  Taylor stated that during the school year she and

the c.v.'s other grandmother each baby-sat part-time.  During the

summer of 1995, Taylor saw the c.v. mostly on weekends.

     One Friday afternoon or evening, sometime after the July 4th

weekend, the c.v. watched a movie on television called "The Muffin

Man" while Taylor cleaned her home.  Shortly after the movie was

over, the c.v., who is usually talkative and happy, became quiet

and serious.  The c.v. then told Taylor that sometimes, when she

got in bed with her Grandma Sissy and the defendant, the defendant

would put her hand on his "winkie."  The c.v. said that "winkie"

means penis.  Taylor told the c.v. that if this happened again she

should wake Grandma Sissy and yell loudly.

     The c.v. then told Taylor that the same thing happened in a

camper once when she went fishing with the defendant.  The c.v.

stated that her brother was also on the trip but slept in the car

with Grandma Sissy.  Taylor told the c.v. to tell her mother about

the incidents, but the c.v. asked Taylor to tell her mother instead

because the c.v. was too embarrassed.

     At the trial the defendant did not object to the competence of

the c.v.  The c.v. provided the following testimony at the hearing. 

The c.v. stated that she told Taylor that the defendant had done

something bad to her.  The c.v. told Taylor because she had watched

a movie.  The c.v. told Taylor that the defendant put her hand on

his "thing."  She stated that the incidents occurred at the

defendant's house and once in a trailer on July 4, during a fishing

trip.   However, she also stated that she did not tell Taylor that

it happened in a trailer.

     The c.v.'s mother testified that the c.v. went camping with

the defendant during the summer of 1995 a couple of times, on the

weekend either just before or after the Fourth of July.  

     The trial court ruled that Hysom's statements regarding the

incidents which allegedly occurred at the trailer on July 4 were

admissible.  However, the trial court ruled that both Hysom's and

Taylor's statements regarding other acts were inadmissible because

they did not fall under the section 115--10 exception to the

hearsay rule.  The trial court also ruled that Taylor's testimony

regarding the trailer incident was inadmissible because it was

insufficiently reliable.  The trial court reasoned that Taylor's

testimony was unreliable because the c.v. denied telling Taylor

about the trailer incident. The State then timely filed a

certificate of impairment pursuant to Supreme Court Rule 604(a)(1)

(145 Ill. 2d R. 604(a)(1)) and a notice of appeal.  Jurisdiction of

the appeal of the trial court's order suppressing evidence is

appropriate pursuant to Supreme Court Rule 604(a)(1) (145 Ill. 2d

R. 604(a)(1)). 

     The State argues that the trial court erroneously excluded

corroborative hearsay testimony regarding other acts committed by

the defendant against the c.v.  During the section 115--10 hearing,

Hysom and Taylor testified that the c.v. told them about incidents

which occurred in a trailer on the Fourth of July and the

defendant's home.  The trial court ruled that Hysom and Taylor

could testify about the c.v.'s statements regarding the July 4th

incident but not about the c.v's statements about other incidents. 

The State asserts that the testimony regarding the incidents not

occurring on July 4 falls within the statutory hearsay exception

provided in section 115--10 of the Code of Criminal Procedure of

1963 (725 ILCS 115--10 (West 1994)).  The defendant argues that the

statements are inadmissible because they concern acts with which

the defendant has not been charged.  We agree with the defendant.

     Generally, out-of-court statements offered for the truth of

the matter asserted are hearsay statements and, thus, are

inadmissible.  Halleck v. Coastal Building Maintenance Co., 269

Ill. App. 3d 887, 891 (1995).  However section 115--10 of the Code

of Criminal Procedure of 1963 (Code) provides an exception to the

hearsay rule.  Section 115--10(a)(2) of the Code provides:

          "(a) In a prosecution for a physical or sexual act

     perpetrated upon or against a child under the age of 13, ***

     including but not limited to prosecutions for violations of

     Sections 12--13 through 12--16 of the Criminal Code of 1961,

     *** the following evidence shall be admitted as an exception

     to the hearsay rule:

               ***

               (2) testimony of an out of court statement made by

          such child *** describing any complaint of such act or

          matter or detail pertaining to any act which is an

          element of an offense which is the subject of a

          prosecution for a sexual or physical act perpetrated upon

          or against a child ***.  725 ILCS 5/115--10(a)(2) (West

          1994).

Thus, the plain language of section 115--10(a)(2) of the Code

limits the hearsay "exception to complaints of, or details about,

sexual acts which are the subject of a prosecution."  People v.

Anderson, 225 Ill. App. 3d 636, 651 (1992).  A trial court's

decision to admit hearsay statements pursuant to section 115--10 of

the Code (725 ILCS 5/115--10 (West 1994)) will not be disturbed

absent an abuse of discretion.  People v. West, 158 Ill. 2d 155,

164-65 (1994).

     In Anderson, the defendant was charged with two counts of

sexual abuse.  The trial court admitted the testimony of three

witnesses who testified that the victim told them about an April

1990 incident with which the defendant was charged and other

incidents with which the defendant was not charged.  The Appellate

Court, Third District, held that the trial court erred in admitting

the statements regarding the uncharged incidents.  Anderson, 225

Ill. App. 3d at 651.  The court reasoned:

     "While section 115--10 creates an exception to the hearsay

     rule, it does not abrogate the rule nor remove its effect

     other than in the area of the exception.  The plain language

     of the statute limits the exception to complaints of, or

     details about, sexual acts which are the subject of a

     prosecution."  Anderson, 225 Ill. App. 3d at 650-51.  

However, the court held that the error was harmless because it was

corroborated by the victim and other evidence.   

     The reasoning in Anderson is applicable to the case at bar. 

In the instant case, the defendant was charged with two counts of

aggravated criminal sexual abuse  (720 ILCS 5/12--16(c)(1)(i) (West

1994)) by knowingly placing the victim's hand on his penis and his

hands on the victim's buttocks on or about July 4, 1995.  At the

section 115--10 hearing, Hysom and Taylor testified that the victim

told them about an incident which occurred during the July 4th

weekend in a trailer.  Hysom and Taylor also testified that the

victim told them about other incidents which occurred in the

defendant's bedroom.  Because Hysom and Taylor testified regarding

the out-of-court statements made by the victim and the statements

would be offered for the truth of the matter asserted, the

testimony is hearsay.  Anderson, 225 Ill. App. 3d at 650.  Further,

because the defendant was only charged with acts that occurred on

July 4, the statements regarding the other incidents do not fit

into the section 115--10 exception to the hearsay rule.  Anderson,

225 Ill. App. 3d at 650.

     The State argues that evidence of other crimes is admissible

to establish the intent, lack of mistake, modus operandi

(identification), design, course of conduct, the intimate

relationship between the victim and the defendant, or to

corroborate the victim's testimony regarding the charged offenses. 

The State cites Anderson for this proposition.  Anderson, 225 Ill.

App. 3d 636.  

     It is well established that evidence of other crimes is

inadmissible to show the defendant's propensity to commit the crime

with which he is charged.  People v. Oaks, 169 Ill. 2d 409, 454

(1996).  However, we agree with the State that evidence of other

crimes may be admitted to show modus operandi (identification),

design, motive, or knowledge.  Oaks, 169 Ill. 2d at 454; Anderson,

225 Ill. App. 3d at 647.  Further, evidence of other crimes may be

admitted to show that the victim and defendant had a continuing or

intimate relationship or knew each other.  People v. Jahn, 246 Ill.

App. 3d 689, 705-06 (1993), citing People v. Cregar, 172 Ill. App.

3d 807, 822 (1988).  However, as Anderson makes clear, such

evidence is admissible only if the statements are not prohibited by

the hearsay rule.  Anderson, 225 Ill. App. 3d at 650.  Thus, a

nonhearsay witness, such as a complainant, may testify about other

incidents involving the complaint and the defendant.  Anderson, 225

Ill. App. 3d at 647-48.

     The statements at issue in the case at bar are clearly hearsay

since they contain the c.v.'s out-of-court statements and are

offered for the truth of the matters asserted.  Anderson, 225 Ill.

App. 3d at 650.  Thus, Taylor's and Hysom's statements regarding

other crimes are admissible only if the State establishes that the

statements are subject to an exception to the hearsay rule.

     We recognize that a hearsay statement may be admitted if it

expresses the declarant's state of mind at the time of the

utterance, such as intent, plan, motive, or design.  People v.

Lawler, 142 Ill. 2d 548, 559 (1991); People v. Sanchez, 189 Ill.

App. 3d 1011, 1016 (1989); M. Graham, Cleary & Graham's Handbook of

Illinois Evidence §803.4 (6th ed. 1994).  However, this exception

applies only if the declarant's state of mind is relevant to a

material issue in the case.  People v. Floyd, 103 Ill. 2d 541, 546

(1984); People v. Nyberg, 275 Ill. App. 3d 570, 580 (1995). 

Because the State has failed to show how the c.v.'s state of mind

is relevant to the case at bar, the State's argument fails. 

     Furthermore, the cases cited by the defendant to support his

argument are factually distinguishable.  The defendant cites People

v. Jahn, 246 Ill. App. 3d 689 (1993), People v. Edwards, 224 Ill.

App. 3d 1017 (1992), and People v. Schmitt, 204 Ill. App. 3d 820

(1990).  In Jahn, the defendant was charged with aggravated

criminal sexual abuse (Ill. Rev. Stat. 1989, ch. 38, par. 12--

16(c)(1)(i) (now 720 ILCS 5/12--16(c)(1)(i) (West 1994))) in that

he intentionally touched the vaginal area of the child-complainant. 

The trial court allowed the complainant's therapist to testify that

the complainant told the therapist that the sexual incidents had

occurred over a two- or three-year period.  This court held that

the issue regarding the admissibility of the hearsay statements was

waived and did not constitute plain error.  Jahn, 246 Ill. App. 3d

at 705.  This court reasoned that the admission of the statements

did not constitute plain error because the evidence was not closely

balanced.  Jahn, 246 Ill. App. 3d at 705-06.  The case at bar

requires this court to determine whether the trial court erred in

excluding the statements at issue, not whether the admission of the

statements constitutes plain error.  Thus, Jahn is inapplicable.  

     Further in Edwards, the State charged the defendant with

aggravated criminal sexual assault.  See Ill. Rev. Stat. 1987, ch.

38, par. 12--14(b)(1) (now 720 ILCS 5/12--14(b)(1) (West 1994)). 

In support of this charge, the State alleged that the defendant

committed an act of anal/penile penetration.  The defendant argued

that hearsay testimony concerning other acts of penetration should

not have been admitted.  This court held that the testimony was

properly admitted under section 115--10 because the defendant had

adequate notice that he was being charged with having committed an

act of sexual penetration.  Edwards, 224 Ill. App. 3d at 1032. 

Thus, this court reasoned that the hearsay statements regarding

other forms of penetration were mere surplusage.  Edwards, 224 Ill.

App. 3d at 1032. 

     In Schmitt, the defendant was charged with aggravated criminal

sexual assault (Ill. Rev. Stat. 1987, ch. 38, par. 12--14 (now 720

ILCS 5/12--14 (West 1994))) and criminal sexual assault (Ill. Rev.

Stat. 1987, ch. 38, par. 12--13 (now 720 ILCS 5/12--13 (West

1994))).  The trial court allowed the child-complainant's

grandmother to testify that the child-complainant told her that the

defendant licked the child-complainant's penis and rectum.  On

appeal the defendant argued that the trial court erred when it

allowed the grandmother to testify regarding the statement that the

defendant licked the child-complainant's rectum.  The defendant

argued that this was inadmissible because he was not charged with

this act.  The Appellate Court, Fourth District, held that the

issue was waived.  Schmitt, 204 Ill. App. 3d at 828.  However, the

court discussed the admissibility of the statement on the merits

and determined that it was admissible under section 115--10 because

it constituted a detail of the crime charged.  Schmitt, 204 Ill.

App. 3d at 829.

     The case at bar is factually distinguishable from Edwards and

Schmitt because in both Edwards and Schmitt the State did not

specify the date or location of the alleged incidents.  Thus, the

other acts of sexual conduct could have been part of the same

incidents with which the defendants were charged.  However, in the

case at bar, the State alleged that the defendant committed certain

acts of sexual assault on a specific date, July 4, 1995, and at a

specific location, in a trailer while camping.  Thus, the other

acts of sexual assault that allegedly occurred at the defendant's

home, on dates other than July 4, could not have been part of the

same incident with which the defendant was charged, and, therefore,

they could not have been details of the act charged.  Accordingly,

the trial court did not abuse its discretion when it excluded the

hearsay testimony of Taylor and Hysom regarding other acts.

     Next, the State argues that the trial court erroneously

excluded Taylor's testimony regarding the trailer incident.  The

State claims that the fact that the c.v. denied having told Taylor

about the trailer incident does not make the statement unreliable

for purposes of section 115--10 (725 ILCS 5/115--10 (West 1994)). 

The defendant contends that the trial court's decision to exclude

Taylor's testimony is not an abuse of discretion.  We agree with

the defendant.

     Because the c.v. denied having told Taylor about the trailer

incident, Taylor's testimony regarding the incident constitutes a

prior inconsistent statement of the c.v.  Thus, it is only

admissible as substantive evidence if it complies with the

requirements of section 115--10.1 (725 ILCS 5/115--10.1 (West

1994)).  Under section 115--10.1(c) a prior inconsistent statement

is admissible only if:

          "(c) the statement--

               (1) was made under oath at a trial, hearing, or

          other proceeding, or

               (2) narrates, describes, or explains an event or

          condition of which the witness had personal knowledge,

          and

                    (A) the statement is proved to have been

               written or signed by the witness, or

                    (B) the witness acknowledged under oath the

               making of the statement either in his testimony at

               the hearing or trial in which the admission into

               evidence of the prior statement is being sought, or

               at a trial, hearing, or other proceedings, or

                    (C) the statement is proved to have been

               accurately recorded by a tape recorder, videotape

               recording, or any other similar electronic means of

               sound recording."  725 ILCS 5/115--10.1(c) (West

               1994).

     In the case at bar, the c.v. denied under oath that she told

Taylor about the trailer incident.  Further, the c.v.'s alleged

statement to Taylor was not made under oath, was not written or

signed by the c.v., and was not recorded.  Thus, Taylor's hearsay

testimony regarding the c.v.'s alleged statements about the trailer

incident are not admissible as substantive evidence.  725 ILCS

5/115--10.1 (West 1994).  Accordingly, the trial court did not

abuse its discretion by excluding such testimony.

     Finally, the State argues that Hysom's testimony regarding

other acts of abuse and all of Taylor's testimony is admissible

under the spontaneous utterance exception to the hearsay rule.  A

hearsay statement is admissible as a spontaneous utterance when (1)

the occurrence is sufficiently startling to produce a spontaneous

and unreflecting statement; (2) there is an absence of time to

fabricate; and (3) the statement relates to the circumstances of

the occurrence.  People v. Zwart, 151 Ill. 2d 37, 46 (1992).  While

the second requirement must be examined on a case-by-case basis,

our supreme court has established some guidelines.  Zwart, 151 Ill.

2d at 46-47.

     In Zwart, our supreme court held that a statement made by a

child-victim of sexual abuse, five weeks after the sexual abuse

occurred, was not admissible as a spontaneous utterance.  Zwart,

151 Ill. 2d at 46-47.  The court reasoned that the second

requirement was not met because the time lapse destroyed the

spontaneity of the child-victim's statement.  See also People v.

Velasco, 216 Ill. App. 3d 578, 585 (1991) (court held that a nine-

day time lapse is too long).

     In the case at bar, Taylor testified that the c.v. told her

about the sexual abuse three or four weeks before the police were

notified.  The record reveals that the c.v.'s mother reported the

incidents to the police on or about September 6, 1995.  Thus, the

earliest the c.v. spoke with Taylor was August 9, 1995, or five

weeks after the alleged occurrence.  Hysom testified that the c.v.

told her about the sexual abuse on September 7, 1995, or at least

eight weeks after the alleged occurrence.

     As in Zwart, we believe that a five and eight week "time lapse

between the startling event and the victim's statements destroyed

the spontaneity of [the c.v.'s] statements."  Zwart, 151 Ill. 2d at

47.  Thus, the c.v.'s statements to Taylor and Hysom are not

subject to the spontaneous utterance exception to the hearsay rule. 

Accordingly, the trial court did not abuse its discretion by

excluding the statements.

     The judgment of the circuit court of Lee County is affirmed.

     Affirmed.

     INGLIS and HUTCHINSON, JJ., concur.